**SCHILLING et al. v. ST. PAUL FIRE & MARINE INS. CO.**

District Court, S. D. New York. October 28, 1927.

608

Kopp & Markewich, of New York City (Harry Kopp and Samuel Null, both of New York City, of counsel), for plaintiffs.

S. J. Rosenblum, of New York City (Louis Rosenzweig, of New York City, of counsel), for defendant.

FRANK J. COLEMAN, District Judge. This action was tried before a jury, and, under stipulation of counsel, the court reserved decision on defendant's motion to dismiss the complaint and for the direction of a verdict. I have not been furnished with a copy of the minutes, and the time which has elapsed since the trial has made my recollection of the testimony a little uncertain.

The action was brought upon a policy of theft insurance covering jewelry, etc., owned by plaintiffs. The answer set up the affirmative defense that the policy was void because of a misrepresentation in the application. In a reply the plaintiffs alleged that the invalidity was waived by the defendant. The only point now presented is whether or not at trial there was competent evidence sufficient to prove such waiver.

The jury returned a verdict for the plaintiffs in the sum of $7,635, and there was sufficient evidence to support a finding that plaintiffs had sustained a loss in that amount covered by the policy. On the issue raised by the affirmative defense and the reply it was undisputed that the application for the policy did contain a misrepresentation, in that it stated that plaintiffs had sustained no previous loss of jewelry or furs. Plaintiffs' broker, however, testified that before the policy was issued he had informed defendant's underwriting agent that plaintiffs had sustained a previous loss, and that the underwriter with that knowledge nevertheless thereafter issued the policy.

This testimony as to the conversation between plaintiffs' broker and defendant's agent was objected to on the ground that it was incompetent, but the court admitted it for the purpose of obtaining the jury's decision on the question of fact as to whether the conversation ever took place. The jury decided that issue in favor of the plaintiffs. It was stipulated, however, that the court might reserve decision on defendant's motion to strike out this testimony until after counsel would have an opportunity to submit briefs. If that testimony is not competent and sufficient to prove a waiver, a verdict must now be directed for the defendant under the stipulation entered into at the trial.

The policy provided:

"This Policy is made and accepted subject to the foregoing stipulations and conditions and to the stipulations and conditions printed on the back hereof, which are hereby made a part of the policy, together with such other provisions, stipulations and conditions as may be endorsed hereon or added hereto in writing, as herein provided."

"This entire Policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof";

"No one shall have power to waive any provision or condition of this Policy except such as by its terms may be the subject of agreement added hereto, nor shall any such provision or condition be held to be waived unless such waiver shall be in writing added hereto, nor shall any provision or condition of this policy or any forfeiture be held to be waived by any requirement, act or proceeding on the part of this Company relating to investigation as to circumstances attending loss, or to appraisal or to any examination herein provided for; nor shall any privilege or permission or waiver affecting the insurance hereunder exist or be claimed by the insured unless granted herein or by rider in writing added hereto. It is hereby consented by the insured that as a part of the consideration for and as a condition precedent to the issue of this policy and to any right of recovery thereunder, any right or privilege which the insured might otherwise have under any holding, construction or provision of law as to waiver or otherwise, inconsistent with the foregoing is hereby waived."

"The within Policy is made and accepted subject to all terms, stipulations and conditions contained therein and on the back thereof, and none of said terms, stipulations or conditions shall be in any way changed, modified or waived unless such change, modification or waiver is expressly permitted by the Policy, nor unless made and authenticated by written endorsement added hereon or permanently affixed hereto and duly signed by a

duly authorized officer or agent of the Company."

The written application made by the plaintiffs for the policy stated:

"We hereby apply for a Policy to be based upon the following warranties and agree that this application is a part of the Policy. We understand and agree that our right to recover shall be barred in the event of the falsity of any of the following answers set forth below:"

One of the specific statements in the application was:

"IX. No loss of jewelry and/or furs whether covered by insurance or not has ever been sustained by us except: None."

It is undisputed that a substantial loss of jewelry had previously been sustained, and that the misstatement in the application would have been a complete defense to this action if defendant's underwriting agent had not been informed orally of this fact before he issues the policy. The exact testimony on this point was that plaintiffs' broker said to the underwriting agent:

"I have knowledge of a loss which took place by this assured and there is no insurance has been carried thereunder. Will it make any difference to you in accepting the proposal as is?"

To which defendant's agent replied, "Leave it here."

Plaintiffs' broker said he left the application, and that thereafter the policy was issued. Plaintiffs' agent was not informed as to the amount of loss, and he made no statement that the application was satisfactory, but merely thereafter issued the policy.

It is my opinion that under the terms of the policy these facts which have been found by the jury are not sufficient to constitute a waiver of the conceded invalidity arising out of the misrepresentation. Furthermore, I believe that the testimony as to the conversation between plaintiffs' broker and defendant's underwriting agent was incompetent, and should not have been admitted. The principles of law governing this situation have been fully established in Northern Assur. Co. v. Grand View Building Association, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213, and, even if the facts of that case were not sufficiently close to the facts in the case at bar to make the holding conclusive here, still it would be inconsistent with the entire tenor of the opinion of the court and violative of the sentiments repeatedly expressed therein to permit a recovery in this case. Plaintiffs urge that, since the application was not a physical part of the policy, the principles in the above case do not apply. It was, however, expressly agreed that the "application is a part of the policy," and that plaintiffs' "right to recover shall be barred in the event of the falsity of any of the following answers set forth below." In numerous cases the courts have indicated that stipulations in applications for insurance are subject to the same rules of evidence as the terms of the policy itself. See Northern Assur. Co. v. Grand View Bldg. Ass'n, supra; Ætna Life Ins. Co. v. Frierson (C. C. A.) 114 F. 56; Prudential Ins. Co. v. Moore, 231 U. S. 560, 34 S. Ct. 191, 58 L. Ed. 367; Mutual Life Ins. Co. v. Hilton-Green, 241 U. S. 613, 36 S. Ct. 676, 60 L. Ed. 1202; Fidelity-Phenix Fire Ins. Co. v. Queen City Co. (C. C. A.) 3 F.(2d) 784.

The testimony, therefore, of plaintiffs' broker in regard to the conversation with defendant's underwriting agent is directed to be stricken out, and the verdict rendered is set aside, and a verdict is directed in favor of the defendant. It is further directed that plaintiffs be deemed to have the benefit of an exception to each one of these rulings.

Settle order on notice.