## NORTH BRITISH & MERCANTILE INS. CO. Limited, v. KARGAS et al.

## CALEDONIAN INS. CO. OF SCOTLAND v. SAME.

### Nos. 6653, 6654.

Circuit Court of Appeals, Sixth Circuit. March 14, 1935.

Walters, Carmichael & Head, of Detroit, Mich., for appellants.

F. B. Ferguson, of Detroit, Mich. (John A. Viviano, of Detroit, Mich., on the brief), for appellees.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

Appellees sued the Caledonian Insurance Company on two policies of fire insurance and the North British and Mercantile Insurance Company on one policy covering the contents of a billiard hall, bowling alley, and confectionery. Each policy contained a provision that the insurer should not be liable for loss or damage to the property insured while it was encumbered by a chattel mortgage "unless otherwise provided by agreement in writing added hereto," and that no provision of the policy could be waived "unless such waiver shall be in writing added hereto." At the time the policies were issued there was a mortgage on the property. Two of the policies carried loss payable clauses to the mortgagee as its interest might appear. Later this mortgage was released and the appellees executed another mortgage on the property to another person without making an agreement in writing with the appellants with reference thereto and attaching it to the policies. They claim that the agent who delivered the policies to them had notice of the mortgage. This is disputed by the agent. A fire destroyed the property while the later mort-

gage was in force. The trial court permitted a recovery on the policies, being of opinion that the provision that the appellants should not be liable for loss or damage to the property while it was encumbered by a chattel mortgage was waived.

The case is controlled by Sun Insurance Office v. Scott, 284 U. S. 177, 52 S. Ct. 72, 73, 76 L. Ed. 229. It was held in that case that the violation of a provision in a fire insurance policy similar to the provision here involved was a complete defense to an action on the policy for a loss, the court saying: "The provision in the policies prohibiting chattel mortgages without consent indorsed on the policy is intended to reduce the moral hazard, and is a valid stipulation, the violation of which constitutes a complete defense." It was further held in that case that a stipulation in the policy to the effect that no provision thereof could be waived except by "agreements indorsed hereon or added hereto" was a valid provision not affected by the Ohio statute, and that knowledge of the local agent of the insurance company of the existence of the mortgage did not amount to a waiver. It was also held that a loss payable rider attached to the policy did not amount to a consent to, or constitute a waiver of the condition against, the mortgaging of the property.

The appellees attempt to distinguish the case at bar from the Scott Case on the ground of difference in the powers of the local agents. It is argued that Adams, the agent who delivered these policies, had greater powers than the agent in the Scott Case, and that he was informed of the placing of the mortgage on the property and consented thereto, waiving the chattel mortgage provision. Adams denied knowledge of or consent to the mortgage. The fact that he signed the policies when they were issued does not support the contention that he had authority beyond that of a local agent or was authorized to waive the policy provisions; indeed, by the terms of the policies neither he nor any one else could waive the chattel mortgage provision except in writing added to the policies, and no claim is made that such form of waiver was attempted by Adams. It is claimed that the loss payable provision in two of the policies was evidence of appellants' knowledge of the existence of a mortgage, but this contention is also refuted by the Scott Case, supra. Even if it were not, knowledge of the mortgage was not enough, as the chattel mortgage provision could only be waived in writing added to the policies.

The judgments are reversed and the causes remanded for further proceedings.