## EDDY et al. v. NATIONAL UNION INDEMNITY CO.

### No. 7394.

Circuit Court of Appeals, Ninth Circuit.
Dec. 6, 1935.

HANEY, Circuit Judge, dissenting in part.

For former opinion, see 78 F.(2d) 545.

Sullivan, Roche, Johnson & Barry, Theo. J. Roche, Edward I. Barry, and Eustace Cullinan, Jr., all of San Francisco, Cal., for appellants.

A. E. Cooley, Louis V. Crowley, Frederic E. Supple, and Leighton M. Bledsoe, all of San Francisco, Cal., for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

We quote the appellants' brief on rehearing, in which their position is stated as follows: "There is a distinction between the waiver of a warranty concerning past conditions and one concerning the maintenance of future conditions. Federal courts refuse to allow a waiver or estoppel concerning conditions of a policy to be performed or maintained in the future but do permit them as to warranties concerning past conditions. This distinction is explicitly laid down by the Honorable Judge Wilbur in Northwestern Nat. Ins. Co. v. McFarlane (C.C.A.) 50 F.(2d) 539, at pages 542–544 (citing cases), and is likewise set forth in Northern Assurance Co. v. Grand View Building Association, 183 U.S. 308, at page 340, 22 S.Ct. 133, 153, 46 L.Ed. 213, at page 227."

The appellants are in error in their contention, as will be seen by consideration of the applicable rule; namely, that an oral waiver with full knowledge is not capable of proof by parol evidence where the policy is in writing, and particularly where the policy expressly provides that such a waiver must be in writing, as in the case at bar. In the leading case of Northern Assurance Co. v. Grand View Building Association, supra, cited by appellants, the Supreme Court stated the rule as follows:

"What, then, are the principles sustained by the authorities, and applicable to the case in hand?

"They may be briefly stated thus: That contracts in writing, if in unambiguous terms, must be permitted to speak for themselves, and cannot by the courts, at the instance of one of the parties, be altered or contradicted by parol evidence, unless in case of fraud or mutual mistake of facts; that this principle is applicable to cases of insurance contracts as fully as to contracts on other subjects; that provisions contained in fire insurance policies, that such a policy shall be void and of no effect if other insurance is placed on the property in other companies, without the knowledge and consent of the company, are usual and reasonable; that it is reasonable and competent for the parties to agree that such knowledge and consent shall be manifested in writing, either by indorsement upon the policy or by other writing."

The significance of this holding is emphasized by the special verdict of the jury in that case, which was under consideration by the Supreme Court, in part as follows: "That Borgelt was recording agent of the Northern Assurance Company, at Lincoln, Nebraska, with authority from the defendant company to countersign and issue its policies and accept fire insurance risks in its behalf, and to collect and receive premiums therefor, and that he had issued the policy sued on as such agent; that Borgelt knew, when the policy in the defendant company was issued and delivered to the plaintiff company, that there was then $1,500 subsisting insurance in the Firemen's Fund Insurance Company upon the insured property, issued prior to the date of the policy of the defendant company, and that such knowledge was communicated to said Borgelt by and on behalf of the assured."

In the case of Northwestern Nat. Ins. Co. v. McFarlane, supra, cited by appellants, we said: "That the Supreme Court is definitely committed to the proposition that mere knowledge by the insurance company of conditions which would constitute a breach and forfeiture thereof at the time of its issuance, does not operate as a waiver of the express terms of the written policy."

See, also, Fidelity-Phenix Fire Ins. Co v. Queen City Bus & Transfer Co. (C. C.A.) 3 F.(2d) 784; Schilling v. St. Paul Fire & Marine Ins. Co. (D.C.) 29 F.(2d) 607; North British & Mercantile Ins. Co. v. Kargas (C.C.A.) 76 F.(2d) 274. The appellant cites the decision of this court in McElroy v. British America Assurance Co., 94 F. 990, rendered May 8, 1899, claiming that it has not been overruled. That case announced a doctrine which was expressly repudiated by the Supreme Court in Northern Assurance Co. v. Grand View Building Ass'n, supra, decided January 6, 1902, as to waiver, and in Lumber Underwriters v. Rife, 237 U.S. 605, 35 S.Ct. 717, 59 L.Ed. 1140, as to failure of the insured to read his policy.

In appellants' petition for rehearing, they claim that this court, in holding that the warranty had not been waived, overlooked the distinction between knowledge of an agent of limited authority, and knowledge by the appellee company, as to the facts involved in the warranty or condition. We did refer to "knowledge of the officers" because that is the only knowledge a corporation can have. The rule stated in our opinion applies to knowledge of the insurance company. Northern Assurance Co. v. Grand View Building Ass'n, supra, and Lumber Underwriters v. Rife, supra. This is shown by the plaintiff's offer in the latter case to prove: "That pending the earlier policy the defendants [Lumber Underwriters of New York] had the report of an inspection that informed them of the actual conditions, showing permanent structures * * * and that with that knowledge they issued the present policy and accepted the premium." In holding that these facts did not constitute a waiver, the court said: "The assured also knows better than the insurers the condition of his premises, even if the insurers have been notified of the facts." Our discussion on the first point herein is based upon knowledge by the company itself. We are satisfied with our opinion in this case reported in 78 F.(2d) 545.

Judgment affirmed.

HANEY, Circuit Judge (concurring).

I concur in the result reached in this case, affirming the judgment of the District Court, because the record is conclusive as to the cancellation of the policy issued by the Home Accident & Home Fire Insurance Company, prior to the applica-tion made by Dr. Garfagni to appellee for a policy of insurance. And I concur in holding that there was no waiver of the provisions of the policy, because there was no proof of compliance with the provision with respect to waiver set out in the opinion. 78 F.(2d) 545, 547.

However, I cannot agree with the opinion herein with respect to the holding of this court, that the trial court was justified in its express and in its implied finding that the "replacement" of three other policies prior to the application made to appellee, were cancellations within the meaning of the warranty against cancellations.

In so far as the opinion herein so holds, I dissent.