Hyman E. FINGER, d/b/a Furniture Showcase, Appellant,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellee.

No. 15186.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Jan. 4, 1968.

Rehearing Denied Jan. 25, 1968.

Jack Lapin, Clarence E. Mayer, Jr., Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Newton Gresham, Tom Connally, Houston, for appellee.

PEDEN, Justice.

Appellant, the insured, brought suit against the insurer on a fire insurance policy covering stock in a furniture store. The policy limit was $100,000.00, but an endorsement required the insured to file monthly reports of inventory and provided that if the first such report was delinquent when a loss occurred, the limit of liability would be $75,000.00. The policy provides for premiums to be based on the inventory of the insured as reflected by the required reports. The policy was issued on October 1, 1964, and on December 6, 1964, the first report was delinquent by six days when the stock was destroyed by fire; the $75,000.00 was paid by appellee company without prejudice to the rights of the parties, and appellant has filed this cause seeking to recover $25,000.00 more.

The trial court granted defendant company's motion for summary judgment. Insured's appeal is based on three general propositions:

1. Appellant did not have a duty to report his inventory.

2. The reporting requirement was actually or substantially complied with.

3. The reporting form requirement does not apply if the insured does not file any report or only files a report after the loss has occurred.

The eight points of error which appellant groups under the first of the general propositions set out above raise the theories of waiver, estoppel and reformation; in addition, appellant asserts that he is not bound by the terms of the policy because it had not been delivered and he had no notice of its terms. Paragraph 9 of the endorsement, Reporting Form "A", provides:

"VALUE REPORTING CLAUSE— It is a condition of this policy that the insured shall report in writing to this Company not later than thirty (30) days after the last day of each calendar month, the exact location of all property

covered hereunder, the actual cash value of such property at each location and all specific insurance in force at each of such locations on the last day of each calendar month. At the time of any loss, if the insured has failed to file with this Company reports of values as above required, this policy, subject otherwise to all its terms and conditions, shall cover only at the locations and for not more than the amounts included in the last report of values less the amount of specific insurance reported, if any, filed prior to the loss, and further, if such delinquent report is the first report of values herein required to be filed, this policy shall cover only at the respective locations specifically named herein and for not exceeding 75% of the applicable limit of liability of this Company specified in the Limit of Liability Clause."

Appellant asserts in his petition and in his answer to defendant's motion for summary judgment that he "acquired" a policy providing for a total coverage of $100,000.-00, and that he did not request a reporting form type of insurance policy. Further, he states that the policy had not been delivered and that no notice, either actual or implied, had been given to him or his agents, servants or employees, as to the fact that reports are required under the policy that was issued. Appellant also says that the reporting type of insurance is not the type customarily used in the furniture business and that it was not the type he had at his other furniture store. He next states: "The failure on the part of the Plaintiff to report according to the requirements as set out in insurance policy was as a direct result of the neglect, concealment or fraud on the part of the insurance company. If reporting was necessary according to the terms and conditions of the insurance policy then the Defendant, Insurance Company, has waived or is estopped from claiming the requirement of reporting."

We will first consider whether the pleadings, the affidavit and appellant's admissions raise any fact issues as to waiver or estoppel. Appellant cites California Insurance Co. v. Bishop, 228 S.W. 1010 (Tex.Civ.App., 1920, n.w.h.), to show that under Texas law an agent can waive the reporting requirements of a similar policy, and the cited case does so hold, despite a policy provision to the contrary. The holding in that case is based on the agent's having agreed before the policy was sold that he would make the reports himself; no such contention is made here.

■ Appellant contends that appellee's conduct constitutes a waiver or estoppel and that to deny recovery would constitute a forfeiture. Appellee contends that the question involved is one of coverage and that appellee had neither waived nor was it estopped to rely on the provisions in the reporting form to limit appellant's recovery under the policy.

We hold that the matter is one of coverage and that the doctrines of waiver and estoppel do not apply.

In Great American Reserve Insurance Co. v. Mitchell, 335 S.W.2d 707 (Tex.Civ. App., 1960, writ ref.), it was held that "Waiver and estoppel may operate to avoid a forfeiture of a policy, but they have consistently been denied operative force to change, re-write and enlarge the risks covered by a policy. In other words, waiver and estoppel can not create a new and different contract with respect to risks covered by the policy." Washington National Insurance Co. v. Craddock, 130 Tex. 251, 109 S.W.2d 165, 13 A.L.R. 854 (Tex.Com. App., 1937, opinion adopted). A number of cases so holding are cited at 113 A.L.R. 857 and 1 A.L.R.3d 1139.

■ As to the doctrine of reformation, we find nothing in the record to raise a fact issue as to there having been a meeting of the minds concerning the terms of the policy and that once such meeting of the minds had been reached the policy as issued failed to comply with the parties' understanding; no facts are alleged which

would raise an issue as to whether Reporting Form A was made a part of the insurance contract as a result of a mutual mistake or of a mistake on the part of one party and fraud on the part of the other. In his brief, appellee asserts, "In our case the insured, Hyman E. Finger, *requested* $100,000.00 worth of insurance * * *" (emphasis added) but no such allegation was before the trial court in any form. Rather, the language used was that he "acquired" the insurance.

We find that the doctrine of reformation is not applicable. St. Paul Fire and Marine Ins. Co. v. Culwell, 62 S.W.2d 100 (Tex.Com.App.); Cranfill-Reynolds Co. et al. v. Security Insurance Co., 67 S.W.2d 258 (Tex.Com.App., 1934).

■ Appellant asserts that since the insurance contract was not delivered and he had no notice of its terms, he is not bound by it. The record is silent as to why the policy in question had not been delivered when the fire occurred, some 66 days after the issuance of the policy. Appellant puts his failure to report squarely on appellee when he alleges such failure "was a direct result of the neglect, concealment or fraud on the part of the insurance company," but the allegations of fact by which he prefaces such legal conclusions do not support them, and he does not explain what acts constitute them. Appellant asserts that he was not told about the reporting form, but he does not allege that he made any inquiry and received a false answer.

■ It is well settled in Texas law that legal conclusions in affidavits are insufficient to warrant the overruling of a motion for summary judgment. Mason v. Mid-Continent Supply Co., 374 S.W.2d 922 (Tex.Civ.App., 1964, ref., n. r. e.).

Appellant has brought this suit on the policy and has already recovered $75,000.00, so he cannot be seeking cancellation of the policy. We assume that by his point of error asserting that he is not bound by the contract he means that he seeks a reformation of it in part only. We overrule this point for the reasons stated above.

■ In his second general proposition, appellant says the reporting requirement was actually or substantially complied with. He bases this primarily on the uncontroverted allegation in his pleadings and his affidavit that an agent of appellee was present in appellant's store on the day of the fire. He assumes that the agent must have known the value of the merchandise was over $100,000.00 and must have reported this to appellee because he failed to notify appellant of the necessity for reporting, although no facts are alleged which might give rise to these assumptions. The pleadings and affidavit do allege that the agent had come to the store for the purpose of explaining the mechanics of the reporting form to appellant, but he had found appellant absent and had not discussed the matter with anyone. No allegation is made as to the agent's qualifications, if any, to estimate the value of a stock of furniture, nor is it alleged that he inspected it.

The Bishop case and the case of American Eagle Fire Insurance Co. v. Burdine, 200 F.2d 26 (10th Cir., 1952), are both cases in which it was held that the insurer's agent had by his conduct waived the reporting requirements of the policy.

The allegations of appellant in the instant case raise no such fact issue. We hold that appellant's second proposition is not well taken.

■ In his third and last general proposition, appellant says that the reporting form requirement does not apply if the insured does not file any report, or only files a report after the loss has occurred.

This proposition is based on his contention that Paragraph 9 of Reporting Form A is ambiguous. We have set out such paragraph earlier in this opinion; we believe that its meaning is clear and that appellant has already recovered all the contract entitles him to receive.

For the reasons stated, we find that appellant's pleadings, affidavit and admissions do not raise any fact issues which would warrant the overruling of appellee's motion for summary judgment.

The judgment of the Trial Court is affirmed.