**NORTHERN ASSURANCE COMPANY OF AMERICA, Appellant,**

v.

**STAN–ANN OIL COMPANY, INC. et al., Appellees.**

**No. 1283.**

Court of Civil Appeals of Texas, Tyler.

Dec. 27, 1979.

Larry L. Gollaher, Dallas, for appellant.

John Sharp, Sharp, Ward, Ross, McDaniel & Starr, T. John Ward, Longview, for appellees Pat H. Holmes and Legrande Northcutt, d/b/a Northcutt & Holmes Insurance.

John M. Smith, Roberts, Harbour, Smith, Harris, French & Ritter, Longview, for appellee Stan-Ann Oil Company, Inc.

MOORE, Justice.

This is a suit by an insured seeking to recover on a fire insurance policy and in the alternative seeking damages against the insurance agency who issued the policy on the grounds of negligence.

At the time the fire occurred on April 27, 1975, plaintiff, Stan-Ann Oil Company, Inc. (hereinafter referred to as the "insured" or "plaintiff"), held a $75,000.00 fire insurance policy issued by Northern Assurance Company of America (hereinafter referred to as "appellant" or the "insurer"). The policy, known as a monthly reporting form policy, was purchased from defendant, Northcutt and Holmes Insurance Agency, an independent insurance agency. The policy covered the period from January 1, 1975, to January 1, 1976, and recited that the personal property insured consisted of "Stock, Materials and Supplies consisting principally of Tires, batteries, oil, antifreeze & other accessories," "Furniture, Fixtures, Machinery and Equipment," and "Improvements and Betterments to buildings." One of the conditions of the policy was that the insured would report in writing to the company not later than thirty days after the last day of each calendar month the total actual cash value of such property on the last day of each calendar month. The last monthly report filed by the plaintiff before the fire was dated March 4, 1975. It showed that the total value of plaintiff's property amounted to the sum of $52,600.00. Although the plaintiff reported to the insurance company on its last report that its property was valued at $52,600.00, the undisputed evidence showed that plaintiff also owned a Burroughs computer and other of-fice equipment, having an actual cash value at the time of the report of $33,670.12, which was not included in the last monthly report before the fire. Had the value of the latter items been included in the last report, the total actual cash value of the insured's contents on hand at the date of the last report would have amounted to $86,270.12. The total contents' loss as a result of the fire amounted to $88,518.08. Thus, by applying the ratio applicable under the full reporting clause in the policy, the insured's coverage under the policy amounted to $53,970.60. Upon proof of loss submitted by the plaintiff, the insurer admitted liability to such amount and paid plaintiff.[1] The insured accepted the amount tendered under protest.

Thereafter, plaintiff Stan-Ann Oil Company filed suit against defendant, Northcutt and Holmes Insurance Agency, alleging that the agency had negligently failed to advise plaintiff that in order to secure coverage on the computer it would be necessary for the plaintiff to include the value of the computer in its monthly reporting forms. Plaintiff alleged that as a direct and proximate result of such failure, it suffered damages in the amount of $21,033.53, representing the difference between the $53,966.47 paid by the insurer and the face amount of the policy of $75,000.00. Northcutt and Holmes answered plaintiff's suit with a general denial and affirmatively alleged that the damages sustained by Stan-Ann was caused by its own contributory negligence in failing to include the computer and office equipment on its last monthly report to the insurance company. Further, Northcutt and Holmes joined the insurer, Northern Assurance Company of America, as a third-party defendant, alleging that the insurer was liable for the full amount of Stan-Ann's loss up to the policy's face amount of $75,000.00. The agency alleged that the insurer either waived its right to rely upon the full reporting clause of the policy or was estopped to assert such provi-

---

1. Due to a mistake in calculation, only $53,966.47 was tendered. Plaintiff, however, makes no complaint of the $4.13 discrepancy.

sions of the policy. After the joinder of the insurance company as a third-party defendant, plaintiff Stan-Ann amended its petition and asserted a cause of action against the insurer, also alleging that the insurer either waived or was estopped to rely on the full reporting clause of the policy.

No dispute arises as to the amount of the last report of values, the value of the insured property on hand at the time the last report was made, the amount of the loss, or the amount voluntarily paid by the insurance company under the policy.

After trial before a jury, the jury returned a verdict finding negligence on the part of Northcutt and Holmes in failing to advise Stan-Ann to report the value of the computer on the monthly reporting form and further found that Stan-Ann was guilty of contributory negligence in failing to report the value of the computer on the last reporting form. The percentage of negligence assigned to each party under the court's comparative negligence submission was eighty percent as to the insurance agency and twenty percent as to the plaintiff Stan-Ann. In response to other special issues, the jury found that the insurance company waived its right to require strict compliance with the provisions of the policy requiring monthly reports to be made, and further waived its right to invoke the "penalty" provisions of the policy due to plaintiff's failure to report the value of the computer and other equipment on the last report filed before the fire. The jury also found that plaintiff relied on the insurance company's failure to require strict compliance with the monthly reporting provisions of its policy, and as a result suffered damages because of the failure of the company to require strict compliance with the monthly report of the value of the property to be insured.

Judgment was rendered granting plaintiff Stan-Ann a recovery against the insurance company for the sum of $21,033.53. Further, plaintiff was awarded a conditional judgment against Northcutt and Holmes Insurance Agency for the sum of $16,826.82, which was to become effective in the event that it was determined on appeal that no liability existed against the insurer on the policy in question. Both Northern Assurance Company and Northcutt and Holmes duly perfected an appeal from the judgment.

We affirm in part and reverse and render in part.

Appellant-insurer asserts by its first point of error that the trial court erred in refusing to grant its motion for judgment non obstante veredicto discharging it from any further liability, because under the terms of the full reporting clause of the policy, the insurer's liability was limited to the sum that was voluntarily paid by it.

The pertinent provisions of the value reporting form policy are hereinafter set forth:

"11. VALUE REPORTING CLAUSE— It is a condition of this policy that the Insured shall report in writing to this Company not later than 30 days after the last day of each calendar month, the exact location of all property covered hereunder, the total actual cash value of such property at each location and all specific insurance in force at each of such locations on the last day of each calendar month. At the time of any loss, if the Insured has failed to file with this Company reports of values as above required, this policy, subject otherwise to all its terms and conditions, shall cover only at the locations and for not more than the amounts included in the last report of values less the amount of specific insurance reported, if any, filed prior to the loss, and further, if such delinquent report is the first report of values herein required to be filed, this policy shall cover only at the respective locations specifically named herein and for not exceeding 75% of the applicable limit of liability of this Company specified in the Limit of Liability Clause. If the inception date of this policy is the last day of the calendar month, then the first report of values due shall show the total actual cash value(s) as of that date.

12. FULL REPORTING CLAUSE—Liability under this policy shall not in any case exceed that proportion of loss (meaning the loss as provided in the Excess Clause at the location involved), which the last reported value filed prior to the loss, less the amount of specific insurance reported, if any, at the location where any loss occurs bears to the total actual cash value less the amount of specific insurance, if any, at that location on the date for which report is made. Liability for loss hereunder, occurring at any location acquired since filing the last report (except as provided by the Value Reporting Clause) shall be apportioned in a like manner except that the proportion used shall be the relation that values reported at all locations less the amount of reported specific insurance, if any, bear to the total actual cash values less the amount of specific insurance, if any, at all locations on the date for which report is made."

The kind of insurance involved is commonly known as a "monthly reporting policy" or a "provisional reporting form policy." A policy of this sort is designed to allow one who has a fluctuating stock of goods or inventory to obtain coverage that varies according to the value of the goods; the premium correspondingly fluctuates in proportion to the inventory value at a given time. The coverage is kept current on the basis of periodic adjustments that reflect higher or lower inventory levels. Most important to the insurer is that he is not insuring a greater risk for an insufficient premium. Thus, in order to maintain a proper risk-premium ratio, the insurer must have as accurate an assessment of inventory values as is possible. Consequently, a monthly reporting policy usually requires the insured to report not later than thirty days after the last day of each calendar month the total actual cash value of the property at every location. The premium paid is based upon the average value indicated by these monthly reports. The insured pays an additional premium when the inventory value exceeds the provisional amount indicated by the report, or he receives a refund when the provisional premium proves to be too high in proportion to the monthly value. Where the required monthly report is not filed and a loss occurs, the loss is adjusted according to the values filed in the last report prior to the fire.

The monthly reporting policy in the present case also includes a "full reporting clause." This clause requires the insured to report the full value of the property to be covered in each monthly report in order to prevent the insured from undervaluing his property, thereby reducing his premium and increasing the insurer's premium-risk ratio. For this reason it has sometimes been called the "honesty clause." In the event that the full value of the property to be covered is not reported and a loss occurs, an adjustment is made by determining the ratio of the reported value to the full value at the time of the report and then applying that same ratio to the actual loss.

In the instant case, the insurance company admitted liability on the policy and applied the formula set forth in the full reporting clause and thus arrived at the amount payable as follows:

$$\frac{\$52,600.00 \text{ (Reported Value)}}{\$86,270.12 \text{ (Full Value)}} \times \$88,518.08 \text{ (Loss)} = \$53,970.60 \text{ (Liability)}$$

Neither the amounts nor the formula used is in dispute. It is also undisputed that for several months prior to the fire Stan-Ann had been late in making the monthly reports. The only report that the company rejected was the monthly report which Stan-Ann and the insurance agency prepared and attempted to file after the fire.

Both Stan-Ann and Northcutt and Holmes seek to sustain the judgment against the insurance company on the ground that the acceptance of the delinquent reports during the period preceding the fire constituted a waiver by the company of the requirement of timely filing of monthly reports. Stan-Ann contends that whether or not the insurance company waived the timely filing of such reports or was estopped to assert noncompliance was a question of fact that the jury answered adversely to the company. Consequently,

they take the position that since the jury found waiver and estoppel, the company was bound by the report made the day after the fire that included the value of the computer and other equipment. Thus, they argue that the limitation of liability contained in the full reporting clause was not applicable.

■ While waiver and estoppel inherently involve fact issues, it does not necessarily follow that the judgment may be sustained on the basis of the jury's findings. It is our view of the law that the principles of waiver and estoppel are not applicable as a matter of law in this case.

■ The general rule of law is well established that the doctrines of waiver and estoppel based on the conduct or action of the insured (or his agent) are not available to bring within the coverage of an insurance policy risks not covered by its terms or expressly excluded therefrom. *Commonwealth Insurance Company v. O. Henry Tent & Awning Co.*, 287 F.2d 316, 319–20 (7th Cir.) cert. denied, 368 U.S. 826, 82 S.Ct. 45, 7 L.Ed.2d 30 (1961); *Camilla Feed Mills, Inc. v. St. Paul Fire & Marine Insurance Co.*, 177 F.2d 746, 749 (5th Cir. 1949); *Peters v. Great American Insurance Co.*, 177 F.2d 773, 778–79 (4th Cir. 1949); *Six L's Packing Co. v. Florida Farm Bureau Mutual Insurance Co.*, 268 So.2d 560 (Fla.App.1972), cert. dism'd, 276 So.2d 37 (Fla.1973); *Washington National Insurance Co. v. Craddock*, 130 Tex. 251, 109 S.W.2d 165, 166–67 (1937); *Finger v. St. Paul Fire and Marine Insurance Co.*, 423 S.W.2d 460, 462 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n. r. e.); *Great American Reserve Insurance Co. v. Mitchell*, 335 S.W.2d 707 (Tex.Civ.App.—San Antonio 1960, writ ref'd); see Annot., 1 A.L.R.3d 1139 (1965). In other words, while an insurer may be estopped by its conduct from seeking a forfeiture of a policy, the insurer's coverage or restrictions on the coverage cannot be extended by the doctrines of waiver and estoppel.

We are therefore confronted with the question of whether the pertinent clauses go to the coverage of the policy as distinguished from furnishing a ground for forfeiture.

■■ In some of the cases hereinabove cited, the value reporting clause and the full reporting clause were substantially similar, if not identical, to the clauses involved in this case. Provisions of this type have been held to create conditions going to coverage and not conditions or grounds of forfeiture. *Commonwealth Insurance Co. v. O. Henry Tent & Awning Co.*, supra; *Peters v. Great American Insurance Co.*, supra; *Six L's Packing Co. v. Florida Farm Bureau Mutual Insurance Co.*, supra. Thus, where an insured is delinquent in his monthly reporting of values, the insurer cannot declare the policy forfeited but can, as a result, have its liability (coverage) limited to the last report filed prior to any loss. We therefore conclude that the language contained in clauses 11 and 12 goes to the coverage of the policy in question as distinguished from furnishing grounds for a forfeiture. The clauses amount to a limitation on coverage, and therefore the doctrines of waiver and estoppel may not be applied so as to expand the coverage set forth in the policy. It follows that a directed verdict would have been proper, and therefore the insurance company's motion for judgment non obstante veredicto should have been sustained. Tex.R.Civ.P. 301. Accordingly, the judgment against the insurance company must be reversed.

■ We find no merit in Stan-Ann's contention that because it was required to deposit insurance premiums in advance for the full year, the company accepted the risk of insuring its property in the full amount of $75,000.00 irrespective of the full reporting clause. To so hold would result in rewriting the policy and thus creating a new and different contract.

This brings us to the appeal of Northcutt and Holmes. By a single cross-point Northcutt and Holmes challenge that part of the judgment awarding Stan-Ann the sum of $16,826.82 pursuant to the jury's finding that Pat Holmes was negligent in failing to inform Stan-Ann that the value of the com-

puter and office equipment should be listed on the monthly reporting form if they were to be insured. Northcutt and Holmes contend that the court erred in rendering judgment against them because the jury's finding has "insufficient support in the evidence [and is] against the overwhelming weight and preponderance of the evidence." The point is presented for the first time on appeal pursuant to Rule 324 of the Texas Rules of Civil Procedure and amounts to only a factual insufficiency point. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

Pat Holmes had been Stan-Ann's insurance agent long before the fire in question and handled all of the company's insurance business. Prior to January 1, 1975, Stan-Ann had two fire insurance policies. One policy covered its Burroughs computer and office equipment while the other policy, issued by Northern Assurance Company, covered (1) stock and materials consisting principally of "Tires, batteries, oil, antifreeze & other accessories;" (2) "Furniture, Fixtures, Machinery and Equipment;" and (3) "Improvements and Betterments to buildings." The maximum amount of the coverage of the latter policy was $55,000.00. This policy was due to expire on December 31, 1975, and the policy on the computer and office equipment was due to expire on January 26, 1975. Sometime before January 1, 1975, Pat Holmes, acting for the agency, renewed the reporting-type policy with Northern Assurance Company extending the policy to January 1, 1976, in the same amount of $55,000.00. At that time he informed Stan-Ann that when the specific policy on the computer and office equipment expired on January 26, 1975, he would include the computer on the reporting-type policy and would increase the amount of the policy to $75,000.00. Although the computer policy expired on January 26, 1975, it was not until February 24, 1975, that Holmes increased the amount of the policy to $75,000.00. The increase in the amount was made by way of an endorsement. The endorsement did not specify that the computer was to be covered as a specific item nor did it mention the computer. Consequently, the wording of the policy coverage was unchanged, and as a result the computer would not be covered unless the value thereof was set forth on the monthly reporting form. There is no evidence that Stan-Ann ever received a copy of the endorsement or knew how Holmes had arranged for coverage on the computer. The record, however, does show that on the last report to the company dated March 4, 1975, Stan-Ann filled in a blank on the report stating that the limit of liability on the policy was $75,000.00. Pat Holmes admitted that he never at any time advised Stan-Ann that the value of the computer had to be shown on the monthly reporting form in order to secure coverage thereon. According to the testimony of Stan-Ann's employees, Holmes led them to believe that the computer would be covered under the policy as a specific item and that they would not be required to list its value on the monthly reporting form since the value of the computer remained constant, and for that reason they did not report the value of the computer.

■ The evidence shows that Stan-Ann forwarded all monthly reports directly to Northcutt and Holmes who forwarded the same on to the insurance company. Consequently, the agency had actual or constructive knowledge that Stan-Ann had failed to report the value of the computer on its last monthly report made before the fire. This knowledge, when taken together with the fact that Holmes knew that Stan-Ann wanted to secure coverage on the computer, was, in our opinion, sufficient to create a duty on the part of Holmes to inform Stan-Ann that the value of the computer should have been listed on the last monthly report under the column titled "Furniture, Fixtures, Machinery and Equipment." This is especially true since a cursory examination of the last report would have revealed that Stan-Ann reported $52,600.00 as the value of its stock, but reported nothing under the column titled "Furniture, Fixtures, Machinery and Equipment."

■ Ordinarily a policyholder has a duty to examine the policy and make sure proper

coverage is provided. *Continental Casualty Co. v. Bock*, 340 S.W.2d 527, 532–33 (Tex. Civ.App.—Houston 1960, writ ref'd n. r. e.). In this case, however, there is nothing to show that Stan-Ann ever received the endorsement that was issued by the insurance company only eight days before Stan-Ann made its last monthly report before the fire. Further, there is no evidence that Stan-Ann knew that Holmes had not arranged for specific coverage by the endorsement as he had theretofore led Stan-Ann's employees to believe.

After considering and weighing all of the evidence in the record, both that in favor and against the findings and judgment based thereon, we do not believe that the finding is subject to the complaint that the evidence was insufficient or against the overwhelming weight and preponderance of the evidence. Accordingly, the point is overruled.

We will now consider Stan-Ann's cross-point of error asserting that there was no evidence to support the jury's findings that it was guilty of contributory negligence in failing to report the value of the computer and other equipment on its last monthly report.

Rule 324 of the Texas Rules of Civil Procedure provides as follows: "A motion for new trial shall not be a prerequisite to the right to complain on appeal, in any jury or non-jury case . . . Notwithstanding the foregoing, it shall be necessary to file a motion for new trial in order to present a complaint which has not otherwise been ruled upon."

A "no evidence" point of error is usually raised in a jury trial by (1) a motion for instructed verdict; (2) objection to the submission to the jury of a vital fact issue; (3) motion for judgment notwithstanding the jury's verdict; or (4) motion to disregard the jury's answer to a vital fact issue. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 361, 362 (1960). No such motions or objections were made in this case. The rule, as amended, provides in effect that a motion for new trial is a prerequisite to an appeal to preserve a point that has not been previously ruled upon by the trial court. In this case, the complaint that there was "no evidence" to support the jury's finding of negligence was never ruled upon by the trial court. The case was tried after the amended rule became effective. Since Stan-Ann did not file a motion for new trial assigning the "no evidence" issue as a point of error, we conclude that the complaint has been waived, and consequently this court is without jurisdiction to consider the point.

In summary, that part of the judgment granting Stan-Ann Oil Company, Inc., a judgment in the amount of $21,033.53 against Northern Assurance Company is reversed and judgment is hereby rendered that Stan-Ann take nothing against Northern Assurance Company and that the company recover its costs. The judgment rendered in favor of Stan-Ann against Northcutt and Holmes Insurance Agency in the amount of $16,826.82, together with prejudgment interest, is affirmed.

Affirmed in part and reversed and rendered in part.