A. W. TAYLOR, Appellee, v. NATIONAL LIVE STOCK INSURANCE COMPANY, Appellant.

**INSURANCE:** Action on Policy—Burden in re Violation of Condition. The *insured*, and not the *insurer*, has the burden to show that his violation of an invalidating condition of the policy *did not contribute to his loss*. So held where a policy on live stock provided that it should be void: (1) If insured allowed noninsured stock to intermingle with the insured stock; and (2) if insured falsely stated that he did not have other stock of an insurable age on his farm.

*Appeal from Marion District Court.*—H. S. DUGAN, Judge.

JANUARY 10, 1922.

ACTION at law to recover loss for the death of 67 hogs owned by plaintiff and insured by the defendant insurance com-

pany.  Verdict of the jury finding for the plaintiff in the sum of $1,141.62 which amount was reduced by the court to $887.06 and judgment entered accordingly.  Defendant appeals.— *Reversed.*

*Vander Ploeg & Johnson,* for appellant.

*W. H. Lyon* and *L. D. Teter,* for appellee.

DE GRAFF, J.—On September 7, 1918 the defendant insurance company issued to plaintiff a policy of live stock insurance for a term of 6 months on 10 sows and 84 commercial hogs then located on plaintiff's farm near Pleasantville, Iowa.

On October 1st, 1918 certain of the hogs so insured became sick and during said month 67 of them died including the 10 sows and 57 of the commercial hogs.  Plaintiff filed with the company proof of loss in the sum of $1,141.62 and prayed judgment in said amount.

The defendant company refused to make settlement with the plaintiff for the reason that proof of loss was not furnished to the defendant as required by law and that the terms of the policy had been violated by plaintiff.

The policy *inter alia* provides as follows:

"The company will not be liable for any loss except individual hogs originally listed in the application blank and covered by this policy.  Any attempt to substitute other hogs that are sick or diseased, or which have been exposed to disease and bring the same in contact with the hogs insured in this policy, or bring any other hogs that are not covered by this policy and application attached, or a like application and policy in this company, into the herd of hogs covered by this policy and application attached, shall invalidate this contract and the same shall become null and void."

It is the contention of appellant that in violation of the terms of this provision the plaintiff allowed other hogs not listed in the application and policy to run with the hogs so insured and thereby rendered the policy null and void.

The policy further provided:

"The perils indemnified against by this policy shall not include the death of any hogs if any of the representations con-

tained in the application on which this policy is based shall be found to be not a fact.''

In this connection it is claimed by appellant that plaintiff had a large number of other hogs of insurable age on his farm which he did not insure in the defendant company, which misrepresentation and concealment was material and prejudicial to the risk, and that if such facts had been disclosed to the defendant company it would have refused to issue the policy on the terms and under the conditions it was issued.

The defendant for further reason in refusing to pay the claimed loss alleges that the plaintiff failed to furnish a proof of loss within the meaning of the policy and that the proof of loss furnished as to the amount and extent of his loss was false, fraudulent, and known by the plaintiff to be false and fraudulent.

The jury returned a verdict in favor of the plaintiff for the full amount alleged and claimed by plaintiff to wit: $1,141.62, and the trial court on its own motion reduced the sum to $887.06 and entered judgment against the defendant for this amount.

1. Defendant in its answer alleged that the plaintiff represented to the defendant in his application that he had no other hogs of insurable age on his farm than those covered by the insurance policy. Evidence was introduced to prove the falsity of this representation. The trial court instructed the jury that the burden is upon the defendant to establish by a preponderance of the evidence the said alleged concealment and misrepresentation and must further establish by a preponderance of the evidence that said concealment and misrepresentation was material and increased the hazard and risk. In another instruction the jury was told that the defendant alleges as a defense that the plaintiff allowed other hogs than those insured to run with and comingle with those insured and that thereby the risk and hazard of its insurance was increased; and ''before said defense can prevail in this case the defendant must establish by a preponderance of the evidence the commingling of noninsured hogs with those insured, and that its risk and hazard thereby has been materially increased.''

These instructions are erroneous. The burden of proof

was not upon the defendant to show that these facts materially increased the risk.   It was upon the insured to so prove.   Code Section 1743.

This statutory rule removes the former strict application of the principle of warranty in contracts of insurance and no longer voids the policy, but clearly places the burden of proof upon the insured and permits the jury to determine whether such breach did occasion or contribute to the loss or make the risk in fact more hazardous.   *Kinney v. Farmers' Mut. Fire & Ins. Soc.,* 159 Iowa 490; *Krell v. Chickasaw Far. Mut. F. Ins. Co.,* 127 Iowa 748.

2.   By reason of the foregoing error it is unnecessary to make answer to the second point noted and argued by appellant involving the alleged fraudulent statement of the insured in his filed proof of loss.   The judgment entered is reversed and cause remanded.—*Reversed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.