Edwin **CORDEIRO** and Edmund Lewis (individually and doing business as Cordeiro and Lewis Appliances), Appellants,

v.

**AMERICAN HOME ASSURANCE COMPANY** (a corporation), Appellee.

No. 21840.

United States Court of Appeals Ninth Circuit.

April 2, 1969.

Bledsoe, Smith, Cathcart, Johnson & Rogers, R. S. Cathcart, of counsel, San Francisco, Cal., Robert M. Falasco, Los Banos, Cal., for appellants.

Jerome F. Downs, of Thornton & Taylor, San Francisco, Cal., for appellee.

Before CHAMBERS, MERRILL and HUFSTEDLER, Circuit Judges.

---

**206**

MERRILL, Circuit Judge:

Appellants seek to reform an insurance policy to increase the liability limit. In the alternative they seek to estop the issuing company from denying the greater coverage.

 The District Court rendered judgment for the company essentially upon issues of fact relating to the needs of the insureds, the company's knowledge of those needs and the expectations of the insureds in light of their needs and the company's representations. Upon these issues the court found for the company, concluding that any mistake as to coverage was neither mutual nor known to the company and that estoppel was not available. The court's findings were not clearly erroneous and its conclusions were without error.

Appellants attack the form of policy, contending that they were, by its terms, paying premiums for a greater coverage than its limits provided and that the limitation was contrary to public policy.

The insurance policy was of a type known as "Reporting Form Block Coverage" and the insurance provided was against loss of store inventory. An absolute liability limit of $25,000 was provided. The amount of premium paid depended on the amount of inventory reported each month and the company's liability was further limited by the degree of "honesty" of the inventory report. The policy provided: The "liability of this Company shall in no event exceed a greater proportion of such loss or damage than the total value last reported by the insured prior to such loss or damage bears to the actual values at risk hereunder as of the date for which such report was made."

Thus, if the inventory in truth had a value of $50,000 and only $25,000 was reported, the company was liable (up to $25,000) for only one half of any loss that was incurred. To insure full coverage up to the limit, the insured would have to pay premiums on the full $50,000 inventory, even though the company's liability was limited to $25,000.

 We find nothing in such a form of coverage that violates public policy. As the company points out, it permits the insured to decide for himself the amount of premium and amount of coverage he wishes at the moment and to make his own adjustment from time to time. Basing the premiums on the total inventory even when in excess of the liability limit is reasonable since the likelihood of a full limit loss is considerably greater when the total inventory exceeds the value of that limit than when it merely equals it. The premium is based on the total value exposed to loss as well as the total values insured. There is nothing to suggest that from an actuarial point of view the premiums were out of line.

Judgment affirmed.