No. C-539

**Kwal Paints, Inc. v. The Travelers Indemnity Co.**

(536 P.2d 1136)

Decided June 16, 1975.

Hoffman, Goldstein, Armour & Lonnquist, P.C., Alan A. Armour, for petitioner.

Wood, Ris & Hames, William K. Ris, for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Kwal Paints, Inc. (Kwal) sued The Travelers Indemnity Co. (Travelers) on its insurance policy to recover fire losses at a Lakewood store. Before trial, Travelers admitted liability for $52,932 and a summary judgment was entered for Kwal in that amount. After a trial in the district court, an additional $16,742.38 was awarded to Kwal. The Colorado Court of Appeals reversed the lower court only with respect to the amount of interest due Kwal. *Kwal Paints, Inc. v. Travelers Indemnity Co.*, 34 Colo. App. 74, 525 P.2d 471 (1974). We granted certiorari to review the decision of the court of appeals on the liability award. That court accurately stated the law and we affirm.

## I.

Kwal was a retail paint business. It maintained a fluctuating inventory of stock at various retail outlets, including a Lakewood store and a central Denver location.

Kwal bought a "reporting form" insurance policy from Travelers. The policy placed a significant condition precedent on the insured. Not later than 30 days after the last day of each calendar month, Kwal had to report to the insurer "the values of all insured property . . . *separately* for each premises." (Emphasis added.)

The *average* of all the location risks was then computed, and the insured paid a premium thereon.

If Kwal failed to specifically and accurately report stock in each of its premises, the policy was not thereby voided, but rather the "full-reporting clause" came into play. It reduced the company's liability at each individual premises to the ratio that the goods reported bore to the goods actually on hand at that particular location.

In January 1971, Kwal began transferring inventory from Water Street to Lakewood for storage. The transfers were not shown on either the company books or the value report made to Travelers, although the store's accountant had actual knowledge of the activity.

In April 1971, Kwal understated the value of the goods at the Lakewood store by exactly the amount it overstated the value of the goods at the Water Street store. However, a true report of the value of the goods on hand at the two stores *combined* was submitted to Travelers, who accepted it as written. The premium, which Kwal paid, was calculated on this total sum.

In June 1971, a catastrophic fire destroyed the Lakewood store and its entire contents. The prior courts' decisions (noted *supra*) have given Kwal a loss award based on the full-reporting clause only. Not satisfied, Kwal seeks further relief through this court by certiorari.

## II.

 The only issue for determination is whether the value reporting endorsement is ambiguous.

The insurer determined that the fire risk at each location was identical. Under those circumstances, Kwal argues that specific premise reporting and average rate basis premium calculation are conflicting concepts: one requires separate rate values, while the other implies location of goods is not relevant. It follows — argues Kwal — that a conflicting contract is ambiguous and should be construed against the drafter insurance company. Kwal concludes that when an average rate is used, only the total amount of risk and the actual loss are pertinent. Since these were factually reported, Travelers should be liable for the full amount of the fire loss. The argument was fully and correctly answered by the Court of Appeals:

"Although an ambiguous insurance policy must be construed most strongly against the insurer, *Coxen v. Western Empire Life Insurance Co.*, 168 Colo. 444, 452 P.2d 16; *The Travelers Insurance Co. v. Jeffries-Eaves, Inc.*, 166 Colo. 220, 442 P.2d 882, we cannot create an ambiguity where none exists. *Jorgensen v. St. Paul Fire & Marine Insurance Co.*, 158 Colo. 466, 408 P.2d 66. We find no ambiguity in the value reporting endorsement at issue in this case. The policy clearly states that the insured must report monthly values *separately for each premises*. In addition, the honesty clause states in plain language that Travelers' liability is limited by values reported for the premises *where the loss occurs* when compared to actual values *at that location*. Specific premises reporting is a condition of full coverage under the policy. Kwal breached this condition and, under the unambiguous terms of the contract, it is limited to partial recovery of its loss."

This was not a case of forfeiture of a premium for a risk never assumed, but is a limitation on the amount of coverage as a result of the insured's volitional and unilateral action of under-reporting. It chose not to report as required, and the coverage was distributed as the policy forewarned it would be.

We have considered the petitioner's other allegations of error and find them to be without merit.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE KELLEY do not participate.