## Marshall's Inc. vs. Federal Insurance Company.

Suffolk. February 12, 1981. — May 21, 1981.

Present: Grant, Brown, & Greaney, JJ.

*Insurance,* Reports of inventory, Fire. *Limitations, Statute of. Conflict of Laws,* Statute of limitations.

Where a policy of fire insurance was countersigned by the insured's agent in the Virgin Islands but was issued and delivered in Massachusetts, the Massachusetts statute governing limitation of actions was applicable to a claim under the policy. [854]

An insured which failed to comply with the full reporting clause of a policy of fire insurance was bound by the report of value last filed prior to a fire at its warehouse. [854-856]

In an action against an insurer alleging underpayment of a claim for losses sustained in a fire at the insured's warehouse, the insurer was not estopped to apply the provisions of the full reporting clause of the policy on the ground that both parties knew about and relied on a two-to-three week delay in the insurer's receipt of reports of value where there was a three-month delay between the insured's receipt of the goods which were the subject of the claim and the insurer's receipt of the report of value of those goods. [856]

Civil action commenced in the Superior Court on March 5, 1976.

The case was heard by *Steadman, J.*

*Elliott J. Mahler* for the plaintiff.

*Brian R. Merrick* for the defendant.

Brown, J. This is an action by an insured to recover damages under a fire insurance policy issued by the defendant insurer. The complaint alleged underpayment of a claim for losses sustained as a result of fire on June 20, 1974, at the insured's warehouse in the U.S. Virgin Islands. The insurer answered, alleging expiration of the relevant statute of limitations and asserting by way of counterclaim that the plaintiff had been overcompensated.

The case was tried on a "[s]tipulation of [u]ndisputed [e]vidence." The judge ruled that the action was filed within the relevant limitations period and that the payment of loss was correct. Judgments were entered dismissing the plaintiff's complaint and the defendant's counterclaim. Both parties claimed an appeal. There was no error.

1. *Limitation of actions.* The insurer contends that because the policy was countersigned by the insured's agent in the Virgin Islands the Massachusetts limitation of actions is not applicable. See G. L. c. 175, § 99.

The judge found that although the policy was countersigned by an agent of the insured in the Virgin Islands, the policy was issued and delivered in Massachusetts. He thus concluded that the act of delivery of the policy, coupled with the mandates of G. L. c. 175, § 22, made the Massachusetts statute governing limitations of actions applicable. We agree.

According to the stipulated facts, the insured is "a corporation organized under the laws of the U.S. Virgin Islands" with a usual place of business in Massachusetts. The insured's policy was neither issued nor delivered in the Virgin Islands but rather was merely countersigned there. The policy was initiated by the insurer's agent in Needham, Massachusetts, and after being countersigned in the Virgin Islands, was returned and delivered to the insured's corporate headquarters in Beverly, Massachusetts. The judge's finding that the policy was issued and delivered in Massachusetts is adequately supported in the record, and we will not disturb it. See *Wilde* v. *Wilde,* 209 Mass. 205, 207 (1911); *Pahigian* v. *Manufacturers' Life Ins. Co.,* 349 Mass. 78, 82-83 (1965).

2. *Full reporting clause.* The principal substantive issue revolves around the so called full reporting clause in the policy, which is set out in full in the margin.[1] On this issue we

---

[1] "(a) Full reporting: In the event of loss or damage to property insured hereunder the Company shall be liable for no greater proportion of such loss or damage than the total value last reported by the Assured prior to the loss or damage bears to the actual total value at risk hereunder as of the date for which such report was made."

follow *Standard Lumber Co.* v. *Travelers Indem. Co.*, 440 F.2d 544, 546-547 (7th Cir. 1971), which is the same in all material aspects. See also *Peters* v. *Great Am. Ins. Co.*, 177 F.2d 773, 779 (4th Cir. 1949).

During the term of the policy the insured agreed to provide monthly reports of inventory to the insurer's Massachusetts agent, who in turn would transmit the reports to the insurer. The reports were to be based on the actual values of inventory as of the last day of the month. The purpose of a full reporting clause is to allow the insured to determine for itself "the amount of premium and amount of coverage [it] wishes at the moment and to make [its] own adjustment from time to time." *Cordeiro* v. *American Home Assur. Co.*, 409 F.2d 205, 206 (9th Cir. 1969). Such a provision allows the insured to pay a sliding scale premium based on the value of the inventories reported. The policy is not rendered void if the insured fails to make an accurate monthly report. Rather, the insurer's liability is reduced in proportion to the amount underreported. *Kwal Paints, Inc.* v. *Travelers Indem. Co.*, 34 Colo. App. 74, 77 (1974), aff'd. 189 Colo. 66 (1975).

Ambiguities in insurance policy provisions usually are to be construed in favor of the insured. See *Rezendes* v. *Prudential Ins. Co.*, 285 Mass. 505, 511 (1934). However, in the absence of ambiguity the interpretation which "best effectuates the main manifested design of the parties is to be favored." *Slater* v. *United States Fid. & Guar. Co.*, 379 Mass. 801, 809 (1980), quoting *Rezendes* v. *Prudential Ins. Co.*, *supra*. The judge correctly found the full reporting clause to be clear and unambiguous on its face.

The fire on which the insured bases its claim occurred June 20, 1974. The dispute arises out of a discrepancy between the actual and reported values of the insured's warehouse inventory in the Virgin Islands as of the last day of April. A shipment of goods arrived from Haiti on April 5, 1974, and, for some unexplained reason, was not reported with the monthly report of inventory for the month of April. This was the last report received by the insurer prior

to its receipt of the report of the fire. (The May inventory report, which was dated July 2, 1974, did include the Haitian shipment in question.)

It is apparent that the insured did not comply with the terms of the contract. Thus, "the [i]nsured, having filed its required reports tardily, is bound by the report of value last filed prior to the fire." *Commonwealth Ins. Co.* v. *O. Henry Tent & Awning Co.,* 287 F.2d 316, 320 (7th Cir.), cert. denied, 368 U.S. 826 (1961). *Standard Lumber Co.* v. *Travelers Indem. Co., supra.* Nothing to the contrary appears in *Alaska Foods, Inc.* v. *American Manufacturer's Mut. Ins. Co.,* 482 P.2d 842, 848-854 (Alas. 1971), a case relied on by the insured.

The insured also argues that the insurer should be estopped to apply the provisions of the full reporting clause because all the parties knew about and relied on the usual two-to-three week delay in receipt at corporate headquarters of the reports of the actual value of the inventories located at the various warehouses in the field. Even if we were to accept such a notion, the result would be the same. An estoppel would be inappropriate in the particular circumstances of this case (see *Delaware & Hudson Co.* v. *Boston R.R. Holding Co.,* 328 Mass. 63, 80 [1951], cert. denied, 343 U.S. 920 [1952]), for there was a three-month (not a three-week) delay between the receipt of the goods from Haiti and the insurer's receipt of the report of those goods. Neither the April nor the May report was received by the insurer or its Needham agent prior to the fire.

*3. Counterclaim.* The defendant has expressly waived the appeal from the judgment on its counterclaim.

*Judgment on the complaint affirmed.*