(667 P.2d 907)
No. 54,876

RON HENRY FORD, LINCOLN, MERCURY, INC., *Appellant,* v. NA-
TIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENN-
SYLVANIA, *Appellee.*

Opinion filed August 11, 1983.

*Richard O. Skoog,* of Skoog & Latimer, of Ottawa, for appellant.

*Herbert A. Marshall* and *Robert J. Perry,* of Marshall, Hawks, Hendrix, Schenk and Nichols, of Topeka, for appellee.

Before MEYER, P.J., PARKS and SWINEHART, JJ.

PARKS, J.: Plaintiff Ron Henry Ford, Lincoln, Mercury, Inc. appeals from a decision of the trial court granting the defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania, its motions for summary judgment and directed verdict.

On January 1, 1978, Jane and Ron Henry and Doyle and Helen Boyd jointly purchased property in Ottawa, Kansas, which had been leased by Ray Brown Ford, Inc. for the operation of a car dealership. At the same time, plaintiff purchased the dealership property from Ray Brown Ford and leased the premises from the new owners. The insurance coverage provided Ray Brown Ford by defendant was then transferred to plaintiff. Shortly after both the sale and leasing transactions were completed, a fire completely destroyed some portions of the premises and significantly damaged other parts of the property. The owners of the property were completely compensated for their loss by the insurer but plaintiff, the lessee, and defendant were unable to reach a settlement on liability and these proceedings followed.

At issue is the extent of liability for lost inventory and the existence of liability for improvements and betterments.

The insurance policy provisions defining the parties' agreement regarding inventory coverage state in pertinent part as follows:

"A. The INSURED shall keep an accurate record of all property insured and the actual cash value thereof. With regard to property on which the INSURED is to render a report to the Company as stated on the Declarations Page, the INSURED shall, within 30 days after the end of each calendar month, report to the Company the actual cash value of said property on the last business day of that month;

"B. At the time of any LOSS, if the INSURED has failed to file with the Company reports of values as above required, this Coverage Part, subject otherwise to all its provisions, shall cover for not more than the amounts included in the last report of values filed prior to the LOSS, and further, if such delinquent report is the first report of values herein required to be filed, the Company shall cover only at the LOCATIONS specifically named on the Declarations Page of this Coverage Part and for an amount not exceeding 75% of the applicable limit of liability of this Company as stated on the Declarations Page of this Coverage Part."

On December 15, 1977, Ray Brown Ford filed its last provisional report reflecting an inventory value of $44,891. The parties stipulated that the actual physical inventory on January 1, 1978 was $54,000. No provisional report showing the $54,000 inventory had been filed by Ron Henry Ford at the time of the fire on January 8, 1978, but the fire damage was inspected by defendant's agents on January 10. On January 17, plaintiff filed with the defendant its provisional report showing a $54,141 inventory as of January 1, and a premium based on that amount was accepted by defendant.

Defendant filed a motion for summary judgment contending that plaintiff's inventory damages were limited, as a matter of law, to the amount of $44,891 reflected in the last report which preceded the fire. Defendant also contended that it was not liable for any loss under the improvements and betterments provision of the insurance contract. The district court granted summary judgment on the amount of inventory damages which could be claimed but refused similar relief on the latter part of defendant's motion.

The parties proceeded to trial on the issues of coverage under the improvements and betterments clause and plaintiff offered evidence to show the expenses it incurred in repairing the building and replacing various fixtures after the fire. Plaintiff also offered a copy of its lease which obligated it to make "all

necessary and reasonable repairs on the exterior and interior of the buildings." At the close of plaintiff's case, defendant moved for a directed verdict, which was granted by the trial court. Plaintiff appeals from the order of the trial court sustaining defendant's motions for summary judgment and directed verdict.

We first consider plaintiff's complaint that the trial court erred in ruling that its damages for loss of inventory were limited to the amount shown on the December 15 report. Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Panhandle Agri-Service, Inc. v. Becker*, 231 Kan. 291, Syl. ¶ 3, 644 P.2d 413 (1982). In the present case, there is no dispute as to the material facts. Plaintiff contends that defendant should be estopped from denying liability for the complete amount of the inventory loss because, after having actual knowledge of the fire and before expiration of the grace period for the report of values, it accepted premiums based on the stated value of $54,141.

In *Camilla Feed Mills v. St. Paul Fire & Marine Ins. Co.*, 177 F.2d 746, 749 (5th Cir. 1949), a value reporting clause substantially identical to the one involved here was construed to mean that a report of values filed after a loss but within the grace period allowed by the policy is ineffective. See also *Wallace v. World Fire & Marine Ins. Co.*, 70 F. Supp. 193 (S.D. Cal. 1947), *aff'd* 166 F.2d 571 (9th Cir. 1948). Thus, the extent of the damages was measured by the last report filed prior to the loss even though the grace period had not expired. Any other construction of the provisional reporting clause could encourage an insured to habitually wait until the grace period is about to expire and the risk of loss during the month to be covered has passed, before filing an understated report of values. By this method the insured would be able to keep his premiums, which vary with the values reported, to a minimum while being secure that if a loss did occur he could file a subsequent report which would still fall within the grace period. If the insured is unable to make an after-the-fact report of values, his honesty in reporting each month's values will be encouraged and the premium paid will reflect the actual risk involved. See *Wallace*, 70 F. Supp. at

196. Therefore, we approve of the rule adopted in *Camilla* and conclude that the report filed by plaintiff on January 17, although within the period of time normally allowed by the policy, was ineffective because the loss had already occurred.

The acceptance of the premium by defendant based on the value reported after the fire does not alter our conclusion. It is a general rule, acknowledged in this jurisdiction, that waiver and estoppel may be invoked to forestall the forfeiture of an insurance contract but they cannot be used to expand its coverage. *Swanston v. Cuna Mutual Ins. Society*, 7 Kan. App. 2d 28, 31, 636 P.2d 1368 (1981). See also *Keaten v. Paul Revere Life Ins. Co.*, 648 F.2d 299 (5th Cir. 1981). Since it is our construction of the policy that liability is limited to the last report of values filed prior to the loss, to permit plaintiff to obtain reimbursement for the values reported after the loss would amount to an expansion of the coverage. *Northern Assur. Co. v. Stan-Ann Oil Co., Inc.*, 603 S.W.2d 218 (Tex. Civ. App. 1979). Accordingly, we conclude that the trial court did not err in refusing to estop defendant's reliance on the inventory values reported before the fire. Summary judgment on this point was proper.

Plaintiff also argues that the court erred in granting defendant's motion for directed verdict concerning liability under the improvements and betterments clause, which provides as follows:

"I. DEFINITIONS

. . . .

"IMPROVEMENTS AND BETTERMENTS means (a) the INSURED'S use interest in fixtures, alterations, installations, or additions comprising a part of a BUILDING occupied but not owned by the INSURED and (b) BUILDINGS owned by the INSURED situated on land LEASED to the INSURED; but in either event not legally subject to removal by the INSURED."

"IV. CONDITIONS

. . . .

"B. IMPROVEMENTS AND BETTERMENTS

"(1) if repaired or replaced within a reasonable time after LOSS, at the expense of the INSURED, the actual cash value of the damaged or destroyed property;

"(2) if not repaired or replaced within a reasonable time after LOSS, that proportion of the original cost of the damaged or destroyed property which the unexpired term of the LEASE bears to the period(s) from the date(s) such IMPROVEMENTS AND BETTERMENTS were made to the expiration date of the LEASE;

"(3) if repaired or replaced at the expense of others for the use of the INSURED, there shall be no liability hereunder."

The initial burden of proving that a loss is of the type included within the coverage of an insurance policy is on the insured. *Clark Equip. Co. v. Hartford Accident & Indemnity Co.*, 227 Kan. 489, 491, 608 P.2d 903 (1980). Defendant argues that plaintiff failed to meet this burden with regard to the improvements and betterments coverage because no improvements were shown to have been made by plaintiff prior to the fire. We agree.

The purpose of "improvements and betterments insurance" is to provide insurance protection to a tenant against loss from destruction of or damage to alterations and improvements made by the tenant in leased buildings. Carlson, *Improvements and Betterments Insurance,* 1951 Ins. L. J. 99. In this policy the coverage also includes buildings owned by the tenant but constructed on leased premises. However, in the case of either additions to a leased building or the construction of an entire building on leased property, the coverage only extends to property not subject to removal by the lessee at the expiration of the leasehold. Thus, it is the "use interest" of the lessee during the term of the lease which is protected by this insurance. This point is demonstrated by the provision of subparagraph (2) quoted above which permits a lessee who does not repair or replace the damaged betterment to only recover a prorated share of the loss depending upon the time remaining for the term of the lease to expire. In sum, an insured lessee is provided coverage only on those improvements added to the land during its lease term. *Teddy-Rose Ent. v. Hartford Fire Ins.*, 48 Md. App. 466, 427 A.2d 1081 (1981).

In this case, there was no evidence that plaintiff made any improvements or additions to its leasehold between the time the term began and when the fire took place. When plaintiff purchased the dealership and was substituted as the "insured" on the policy with defendant, it was as a new lessee and not as an assignee of any interest still held by Ray Brown Ford. Therefore, any improvements made by Ray Brown Ford which may have qualified as improvements and betterments under the policy when Ray Brown Ford was the "insured" would not have been subject to removal from the property when its tenancy expired and thus would have become the property of the landowner. That plaintiff undertook to repair or rebuild portions of the premises destroyed by the fire does not alter the fact that the

plaintiff made no improvements before the fire which would come within the coverage of the insurance policy.

The district court granted directed verdict after concluding that insufficient evidence of damages had been proved. We conclude that no evidence of coverage was shown and thus the issue of damages need not be reached. However, the judgment of a court is to be upheld if it is correct regardless of whether the reason assigned for the holding is erroneous. *Strehlow v. Kansas State Board of Agriculture,* 232 Kan. 589, 592, 659 P.2d 785 (1983). Therefore, we conclude that no error was committed by the district court in directing verdict for defendant on the issue of improvements and betterments coverage.

Affirmed.