507 So.2d 642 (1987)
AMERICAN MOTORISTS INSURANCE COMPANY, Appellant,
v.
FARREY'S WHOLESALE HARDWARE COMPANY, INC., Appellee.
No. 85-209.
District Court of Appeal of Florida, Third District.
April 14, 1987.
Rehearing Denied June 16, 1987.
*643 Butler, Burnette and Freemon and Robert V. Potter, Jr., and Paul Butler, Tampa, for appellant.
Horton, Perse & Ginsberg and Edward Perse, Virgin & Kray, Louis LaFontisse, Miami, for appellee.
Before HENDRY, FERGUSON and JORGENSON, JJ.
JORGENSON, Judge.
The insurer, American Motorists Insurance Company [American], appeals from a final judgment of $612,992.22 plus interest entered upon a jury verdict in favor of its insured, Farrey's Wholesale Hardware Co. [Farrey's]. We reverse.
Farrey's obtained insurance coverage from American for building loss, business interruption loss, and stock and personal property loss. Following the destruction of Farrey's business property on May 16, 1980, American tendered its policy limits to Farrey's for the building loss and the business interruption loss. American also paid Farrey's $637,007.84 for the loss of stock and personal property. American contended that this figure represented the full amount recoverable under the policy. Farrey's asserted that it was entitled to recover an additional sum of $612,992.22 for this loss based upon its most current valuation of its inventory.
The insurance policy issued by American contained full reporting and value reporting provisions which required Farrey's to report the value of its stock and personal property each month. These clauses stated as follows:
III. REPORTING PROVISIONS
B. Value Reporting Clause: The insured shall report in writing to the Company, not later than 30 days after the last day of each calendar month, the exact location of all property covered and the total actual cash value of such property at each location as of the last day of each calendar month. At the time of any loss, if the insured has failed to file with the Company reports of values as above *644 required, this policy, subject otherwise to all its terms and conditions, shall cover only at the locations and for not more than the amounts included in the last report of values filed prior to the loss, and further, if such delinquent report is the first report of values herein required to be filed, liability shall be limited to 90% of the amount for which the Company would otherwise be liable. If the inception date of this policy is the last day of the calendar month, then the first report of values due shall show the total actual cash values as of that date.
C. Full Reporting Clause: Liability under this policy shall not in any case exceed that proportion of any loss hereunder which the last value reported prior to the loss, at the location where the loss occurs, bears to the total actual cash value at that location on the date for which such report was made. Liability for loss hereunder occurring at any locations acquired since filing the last report (except as provided in the Value Reporting Clause) shall be apportioned in a like manner, except that the proportion used shall be the relation that the values reported prior to the loss at all locations on the date for which such report was made.
Farrey's monthly premium was calculated according to a specified formula based upon the figures submitted by Farrey's. Farrey's would routinely report the amount of stock and personal property each month by submitting a preliminary figure to Penn General Agencies, the licensed agent of American. Farrey's would send the inventory sheets to its independent computer firm which would return all the mathematical computations to Farrey's about a week later. Farrey's would use those mathematical computations to do its books and then forward the exact figures to Penn General. On April 26, 1980, Farrey's sent its estimated figures to Penn General. In mid-May, Farrey's independent computer firm sent Farrey's the mathematical computations. On May 16, 1980, before Farrey's could do its books and send the exact figures to Penn General, the fire occurred. After the fire, Farrey's sent the amended, higher figure to Penn General. American contended that Farrey's was bound by the lower value reported on April 26 and paid Farrey's according to the lower value for stock and personal property loss.
Farrey's commenced an action to recover the additional sum calculated according to its amended figure. American moved for partial summary judgment on the issue of the enforceability of the reporting and value reporting clauses. American claimed that the only factual dispute for jury resolution concerned certain property Farrey's had denominated as "old stock." American alleged that this property was inventory with a value of approximately $507,000 and that the property was therefore subject to the reporting provisions of the policy. Farrey's contrary view was that the property constituted "old stock" and could not properly be classified as "inventory," since its value as inventory was zero. Farrey's position was that the reporting clauses did not pertain to "old stock." American's motion for summary judgment was denied on all issues.
The action was tried before a jury. At the jury charge conference, American sought the trial court's approval to use a special verdict form in order to ascertain the amount of damages arising from the various claims. The trial court instead utilized a general verdict form. The jury returned a verdict in favor of Farrey's and against American in the amount of $612,992.22. Final judgment was subsequently entered against American in conformity with the jury's verdict.
American argues on appeal that the trial court erred in denying its motion for partial summary judgment and in entering judgment for Farrey's in accordance with the jury verdict. American contends that the trial court was obliged to direct a verdict in its favor since the reporting clauses in Farrey's insurance policy were unambiguous and, thus, fully enforceable as a matter of law. We agree. Farrey's recovery was limited to the value of its property as established by Farrey's valuation for the period preceding the date of the loss, i.e., the figures reported on April 26. The trial *645 court erred in not directing a verdict in favor of American on the issue of the value of current inventory since the reporting clauses unambiguously provided that the extent of damages would be measured by the last report of value filed by Farrey's prior to the loss.
Farrey's argument that the policy's reporting and value reporting clauses are ambiguous is without merit. The coverage Farrey's received was what it should have reasonably anticipated. Reporting clauses are standard in the insurance industry. "Value-reporting insurance is a coverage commonly selected by merchants (particularly those engaged in seasonal business) whose stock of goods inventory fluctuates significantly from month to month, either in amount or location." Watchung Pool Supplies, Inc. v. Aetna Casualty & Sur. Co., 169 N.J. Super. 474, 404 A.2d 1281, 1284 (Law Div. 1979). "The device of monthly reporting serves the purpose of affording complete insurance coverage on a fluctuating stock of merchandise and of determining a premium directly proportionate to the risk declared by the insured. This is a condition of benefit to the insured." Commonwealth Ins. Co. v. O. Henry Tent & Awning Co., 287 F.2d 316, 319-20 (7th Cir.), cert. denied, 368 U.S. 826, 82 S.Ct. 45, 7 L.Ed.2d 29 (1961). Although Farrey's method of reporting for the period involving the claimed loss was in conformity with its reporting practices during the three years prior to this loss, this tradition of two-step reporting wherein Farrey's would supplant its provisional numbers with a precise computation cannot by itself supersede the limitations of the policy. Despite the principle that policy provisions which tend to limit liability must be construed liberally in favor of the insured and against the insurer, United States Sugar Corp. v. Nationwide Mut. Ins. Co., 475 So.2d 1350 (Fla. 2d DCA 1985); Fireman's Fund Ins. Co. v. Vordermeier, 415 So.2d 1347 (Fla. 4th DCA), rev. dismissed, 421 So.2d 67 (Fla. 1982); Tropical Park, Inc. v. United States Fidelity & Guar. Co., 357 So.2d 253 (Fla. 3d DCA 1978), where the language of a policy is clear and unambiguous on its face, the policy must be given full effect. Midwest Mut. Ins. Co. v. Santiesteban, 287 So.2d 665 (Fla. 1973); Boyd v. United States Fidelity & Guar. Co., 256 So.2d 1 (Fla. 1971); Morrison Assurance Co., Inc. v. City of Opa-Locka, 389 So.2d 1079 (Fla. 3d DCA 1980). The fact that an insurance policy requires analysis to comprehend its scope does not mean it is ambiguous. Hess v. Liberty Mut. Ins. Co., 458 So.2d 71 (Fla. 3d DCA 1984). The language in the policy here which limits American's liability to the last reported value "filed prior to the loss" controls the liability of American.
Farrey's recovery under the policy is restricted to the appropriate proportion of the last reported value based upon the April 26 figures. This result is in keeping with the rule in Florida that the doctrine of waiver and estoppel based upon the conduct of an insurer in accepting late monthly reports from an insured cannot extend the amount of coverage furnished by the insurance policy. Six L's Packing Co. v. Florida Farm Bureau Mut. Ins. Co., 268 So.2d 560, 565 (Fla. 4th DCA 1972), aff'd, 276 So.2d 37 (Fla. 1973). The rule, that waiver and estoppel are inapplicable, as a matter of law, to issues of coverage, has been uniformly applied by courts confronting value-reporting clauses similar to the one at bar. The construction of reporting clauses has been governed by the seminal case of Camilla Feed Mills, Inc. v. St. Paul Fire & Marine Ins. Co., 177 F.2d 746 (5th Cir.1949), which held that an insurance company's liability is governed by the last report filed prior to the loss, even though a grace period for filing may not have expired. See Alaska Foods, Inc. v. American Mfrs. Mut. Ins. Co., 482 P.2d 842 (Alaska 1971) (insurance company's request for and acceptance of insured's delinquent monthly reports did not waive insurer's right to limit its liability to last written inventory report filed); Ron Henry Ford, Lincoln, Mercury, Inc. v. National Union Fire Ins. Co., 8 Kan. App. 2d 766, 667 P.2d 907 (1983) (inventory report filed by insured within time normally allowed for filing ineffective where loss had occurred prior to filing); Marshall's Inc. v. Federal *646 Ins. Co., 11 Mass. App. 853, 421 N.E.2d 85 (1981) (insurer liable only for value of inventory as stated in last monthly report filed by insured prior to fire); Watchung Pool Supplies, 404 A.2d 1281 (value report filed after loss occurred not timely filed even though filed within thirty-day period from end of reporting month); Northern Assurance Co. of America v. Stan-Ann Oil Co., Inc., 603 S.W.2d 218 (Tex.Civ.App. 1979) (doctrine of waiver and estoppel could not be applied to expand insured's fire policy coverage to include equipment not reported on last monthly report before fire).
Although Farrey's maintains that the judgment in its favor was not premised upon the theory of waiver and estoppel, the record reveals that Farrey's, over objection by American, argued and presented evidence that American had waived the reporting requirements and was now estopped from enforcing the provision. The trial court incorrectly relied upon the theory of waiver and estoppel in denying American's motions for summary judgment and for a directed verdict. We find that the policy itself controls, as a matter of law, the resolution of Farrey's claim against American on the issue of inventory valuation. "If we held that acceptance of late value reports waives the value reporting provisions of the policy and reinstates full coverage up to the policy limits, we would be creating an entirely new contract for the parties." Alaska Foods, 482 P.2d at 852. Such a result is contrary to the intent of the monthly reporting provisions as well as to the applicable rule articulated in Six L's.
Our determination that Farrey's recovery is limited to the relevant amount the formula yields based upon the April 26 computation does not end our resolution of this appeal. Because the trial court failed to use the requested special verdict form, it is impossible to ascertain what proportion of the jury's award was based upon the disputed characterization of "old stock." This cause must therefore be remanded to the trial court for a new trial on the single issue of whether this property was indeed "old stock" exempt from the reporting clauses or whether it was an asset worth over half a million dollars as inventory and thereby amenable to the reporting clauses.
We find no merit to the remaining errors claimed by American. The final judgment under review is, therefore, reversed.
Reversed and remanded.
FERGUSON, J., concurs.
HENDRY, Judge, dissents.
I respectfully disagree with the holdings enunciated by the majority. I would affirm in all respects the judgment entered by the trial court.