MIDWEST OFFICE TECHNOLOGY, INC., Appellee,

v.

AMERICAN ALLIANCE INSURANCE COMPANY, Appellant,

and

Holmes Murphy & Associates, Inc., Defendant.

No. 88–602.

Supreme Court of Iowa.

March 22, 1989.

David J.W. Proctor, Mark L. Tripp, and David J. Lynch of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellant.

Theodore T. Duffield and Douglas A. Haag of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

SCHULTZ, Justice.

This appeal arises out of a dispute over the amount of insurance policy coverage provided for inventory. The insurer maintains the extent of coverage is limited by a reporting provision in the policy. However, the trial court ruled in favor of the insured, awarding the face amount of the policy. We reverse.

Midwest Office Technology, Inc. (Midwest) purchased a business protection insurance policy from the American Alliance Insurance Company (American) covering losses of inventory up to $600,000. Because its inventory fluctuated, Midwest selected a policy that provided variable coverage corresponding to the amount of inventory Midwest reported. Although the policy had a stated limit, the premiums were determined from the average inventory which the insured was required to report on a monthly basis. If a report was delinquent at the time of a loss, the coverage was limited to the amount listed in the last report filed prior to the loss.

After purchasing the policy, Midwest made inventory reports occasionally, but less often than the monthly requirement. It had not filed its monthly report when a fire destroyed Midwest's inventory. The loss was valued at over $600,000. Midwest sought the entire policy limits of $600,000. American, relying on its policy provision, paid only $478,619.00, the amount of inventory claimed by Midwest in its most recent report prior to the fire.

Midwest filed the present breach of contract action, claiming damages for the difference between the policy limit and the amount American had actually paid on the loss. In a bench trial, the parties stipulated to the facts and agreed that the outcome of this case turns only on questions of law. The trial court concluded that Midwest's breach of the monthly reporting requirement neither increased the risk nor contributed to the loss incurred. Therefore, the court determined the recovery

should not be limited by its breach. This legal conclusion is the sole issue before us on appeal.

Midwest maintains the trial court ruling is correct, citing Iowa Code section 515.101 (1985) and *Commercial Standard Insurance Co. v. Haley,* 282 F.Supp. 16 (S.D. Iowa 1968). It claims that a technical breach which neither contributed to the loss nor increased the risk of the insurer does not permit American to limit the inventory coverage below the actual loss sustained, subject to the policy limit.

■ American contends that the authorities cited only apply to breaches of policy provisions which result in a forfeiture of the policy. It insists that the reporting requirement merely sets the coverage amount, rather than serving as a forfeiture provision that voids the entire policy or portions thereof.

The clause in dispute provides:

At the time of any loss, if the insured has failed to file with the Company reports of values as above required, this policy, subject otherwise to all its terms and conditions, *shall cover* only at the locations and *for not more than the amounts included in the last report of values filed prior to the loss....*

(Emphasis added.)

Midwest first contends that section 515.-101 invalidates the limitation of coverage clause. This section states:

Any condition or stipulation in an application, policy, or contract of insurance, making the policy void before the loss occurs, shall not prevent recovery thereon by the insured, if it shall be shown by the plaintiff that the failure to observe such provision or the violation thereof did not contribute to the loss.

The trial court found section 515.101 inapplicable to the reporting clause. The disputed clause does not abrogate the policy. It only sets the limits of coverage. We agree that the reporting clause simply does not fall within the section's terms of a "condition ... making the policy void."

This conclusion is consistent with our previous statement that this statute becomes operative only when the breach of contract by the insured would void the insurance policy. *See Carr v. Iowa Mut. Tornado Ins. Ass'n,* 242 Iowa 1084, 1090, 49 N.W.2d 498, 501 (1951). "It is only when there has been sufficient proof of some act of the insured which would ordinarily abrogate the contract, that section 515.101 has any effect or meaning." *Id.* at 1090, 49 N.W.2d at 501. It is also consistent with the federal court conclusion that this section is "ordinarily applied to a case where the defense of 'increase of hazard' was relied upon by the insurer to avoid coverage." *Hawkeye Chem. Co. v. St. Paul Fire & Marine Ins. Co.,* 510 F.2d 322, 326 (7th Cir.), *cert. denied,* 421 U.S. 965, 95 S.Ct. 1955, 44 L.Ed.2d 452 (1975). In this case, the trial court correctly concluded that section 515.101 is inapplicable.

■ In ruling against American, the trial court relied upon language found in *Commercial Standard,* which stated, "the rule is that breach of a condition must be shown to have contributed to the loss or in fact make the risk more hazardous." *Commercial Standard,* 282 F.Supp. at 24–25. In so doing, the trial court greatly expanded the language of *Commercial Standard* and erred as a matter of law.

In *Commercial Standard,* the federal court was interpreting Iowa law. In adopting the quoted rule, the federal court cited and relied upon three Iowa cases. *Id.* at 24–25. Each of these cases relies upon Iowa Code section 1743 (Supp.1913), the predecessor to section 515.101, as authority for this rule. *E.D. Baird & Son v. Kaskaskia Live Stock Ins. Co.,* 198 Iowa 905, 909, 200 N.W. 575, 576 (1924); *Taylor v. National Live Stock Ins. Co.,* 192 Iowa 1118, 1121, 185 N.W. 992, 993 (1922); *Kinney v. Farmers' Mut. Fire & Ins. Soc'y,* 159 Iowa 490, 497, 141 N.W. 706, 708 (1913). Here, the trial court correctly recognized that the rule in *Commercial Standard* is nothing more than a restatement of this statute. However, its ruling went on to expand the rule to also apply to a policy condition prescribing a limitation on the extent of coverage after a breach. This is inconsistent with our statement in *Carr*

which limited the statute's application to breaches of policy conditions that abrogated or avoided coverage. Because the *Commercial Standard* rule is directly derived from cases grounded on this statute, we find the trial court's conclusion is faulty. Just as section 515.101 speaks to "making the policy void," the court in *Commercial Standard* prefaces its discussion of the rule by speaking of a condition "making the policy void." 282 F.Supp. at 24. We believe, as we did in *Carr*, that the application of section 515.101 and the language in *Commercial Standard* is limited to situations in which an insured's breach of a condition voids the policy and forfeits the insured's coverage. Such is not the case here.

▮ Other jurisdictions have addressed the issue of whether a breach of the value reporting clause causes forfeiture or merely sets limits of coverage. These cases have evolved from the insureds' claims of waiver and estoppel. Estoppel is a defense to a forfeiture of a policy, but does not extend coverage. *Northern Assurance Co. v. Stan–Ann Oil Co.*, 603 S.W.2d 218, 223 (Tex.Civ.App.1979). The cases uniformly reject these claims because a breach of the value reporting clause creates only a limitation of coverage rather than a forfeiture of rights. *Commonwealth Ins. Co. v. O. Henry Tent & Awning Co.*, 287 F.2d 316, 319–20 (7th Cir.1961); *Peters v. Great Am. Ins. Co.*, 177 F.2d 773, 779 (4th Cir. 1949); *Southern Sash v. United States Fidelity & Guar. Co.*, 525 So.2d 1388, 1389–92 (Ala.1988); *Alaska Foods, Inc. v. American Mfr. Mut. Ins. Co.*, 482 P.2d 842, 851–52 (Alaska 1971); *Kwal Paints, Inc. v. Travelers Indem. Co.*, 189 Colo. 66, 68, 536 P.2d 1136, 1138 (1975); *American Motorists Ins. Co. v. Farrey's Wholesale Hardware Co.*, 507 So.2d 642, 645–46 (Fla. App.1987); *Ron Henry Ford, Lincoln, Mercury, Inc. v. National Union Fire Ins. Co.*, 8 Kan.App.2d 766, 769, 667 P.2d 907, 909 (1983); *Stan–Ann Oil*, 603 S.W.2d at 223. Although these cases examine the clause for a different purpose, the analysis is relevant to our inquiry of whether the breach voids coverage or merely sets its limits.

Additionally, other jurisdictions interpreting clauses similar or identical to this one have concluded they are clear and unambiguous on their faces, requiring the policy language be given full effect. *Quality Foods, Inc. v. United States Fire Ins. Co.*, 715 F.2d 539, 542 (11th Cir.1983); *Southern Sash*, 525 So.2d at 1390; *American Motorist*, 507 So.2d at 644–45; *Marshall's, Inc. v. Federal Ins. Co.*, 11 Mass.App.Ct. 853, 855, 421 N.E.2d 85, 87 (1981); *Watchung Pool Supplies, Inc. v. Aetna Casualty & Sur. Co.*, 169 N.J.Super. 474, 486, 404 A.2d 1281, 1287 (Law Div.1979). The uniform rule is that an insured who is delinquent on its reports is limited on the amount of coverage to the amount shown on the last report filed prior to the loss. *Quality Foods*, 715 F.2d at 542; *Moultrie Int'l, Inc. v. Universal Underwriters Ins. Co.*, 545 F.2d 543, 546 (5th Cir.1977); *Standard Lumber Co. v. Travelers Indem. Co.*, 440 F.2d 544, 547 (7th Cir.1971); *Commonwealth*, 287 F.2d at 319–20; *Peters*, 177 F.2d at 778–79; *Camilla Feed Mills, Inc. v. St. Paul Fire & Marine Ins. Co.*, 177 F.2d 746, 749 (5th Cir.1949); *Southern Sash*, 525 So.2d at 1390–91; *Alaska Foods*, 482 P.2d at 851; *Kwal*, 189 Colo. at 68, 536 P.2d at 1138; *American Motorist*, 507 So. 2d at 645; *Six L's Packing Co. v. Florida Farm Bureau Mut. Ins. Co.*, 268 So.2d 560, 564–65 (Fla.App.1972), *cert. dismissed*, 276 So.2d 37 (Fla.1973); *Ron Henry Ford*, 8 Kan.App.2d at 769, 667 P.2d at 909; *Marshall's*, 11 Mass.App. at 856, 421 N.E.2d at 87; *Watchung*, 169 N.J.Super. at 486–87, 404 A.2d at 287–88; *Stan–Ann Oil*, 603 S.W.2d at 223. The Colorado court typified the view of these jurisdictions when it stated:

[T]he honesty clause states in plain language that Travelers' liability is limited by values reported for the premises where the loss occurs when compared to actual values at that location.... Kwal breached this condition and, under the unambiguous terms of the contract, it is limited to partial recovery of its loss.

This was not a case of forfeiture of a premium for a risk never assumed, but is a limitation on the amount of coverage as

a result of the insured's volitional and unilateral action of under-reporting. It chose not to report as required, and the coverage was distributed as the policy forewarned it would be.

*Kwal*, 189 Colo. at 68, 536 P.2d at 1138.

We have also considered Midwest's suggestion that the policy clause should be held invalid on public policy grounds citing *Lakeside Plywood & Building Materials, Inc. v. Aetna Casualty & Surety Co.*, 75 Wis.2d 484, 250 N.W.2d 1 (1977). However, the Wisconsin court's holding was based on a statutory provision and determined that it was "not necessary to consider [the insured's] claim based upon general public policy." *Id.* at 497, 250 N.W.2d at 7. Such a provision is not against public policy. *Cordeiro v. American Home Assurance Co.*, 409 F.2d 205, 206 (9th Cir.1969); 6 J. Appleman, *Insurance Law and Practice* § 3866.25 (1972). We find no merit in this contention.

In summary, we believe that neither section 515.101 nor *Commercial Standard* provides aid to Midwest. The rule announced in *Commercial Standard* applies only to policy conditions that would completely avoid coverage. The rule was directly derived from the predecessor to section 515.101 that speaks to "making the policy void." When the value reporting clause is breached, liability is not avoided, but merely limited. Value reporting clauses are standard in the insurance industry and have been often construed by litigation. The applicable case law uniformly supports our position.

The policy unambiguously provides that the insured's coverage is limited to the amount of inventory reported on the last report filed prior to any loss. The trial court erred when it concluded to the contrary.

REVERSED.