PER CURIAM.
This is an appeal from a final declaratory decree finding no liability insurance cover *764 age for the plaintiff/insured James Block, a veterinarian, and no duty to defend a negligence action brought against Block by one of Block’s employees arising out of an injury sustained by the employee when a cat bit the employee’s hand at the veterinarian’s office. The complaint filed in the action alleged that (a) Block negligently forced the employee to return to work before a prior hand injury of the employee had been healed, and (b) did not provide the employee with protective gloves for handling animals. The liability insurance policy in question obligated the defendant Fireman’s Fund Insurance Co. to pay on behalf of the plaintiff/insured Block all sums which Block was legally obligated to pay because of injuries arising out of “[a]ny malpractice, negligent act or omission ... in rendering or failing to render professional services or otherwise resulting from the insured’s status as a veterinarian,” and to defend all suits which make such a claim against the plaintiff/insured.
We affirm the declaratory decree under review because the subject insurance coverage provision, when read as a whole, is unambiguously limited to acts of professional malpractice or negligence committed by the insured as a veterinarian and does not, as urged, cover any negligent act, of whatever nature, he may commit in connection with operating his office. In particular, the insurance policy clearly does not cover the insured for a business decision, as here, which he makes with reference to one of his employees concerning the conditions of employment, i.e., when an employee must return to work after a sick leave and whether protective gloves should be provided to an employee when handling animals. International Surplus Lines Ins. Co. v. Seagrave House, Inc., 572 So.2d 933 (Fla. 5th DCA1990); Koenigsberg v. Intercontinental Ins. Co., 571 So.2d 578 (Fla. 4th DCA1990); American Motorists Ins. Co. v. Farrey’s Wholesale Hardware Co., Inc., 507 So.2d 642 (Fla. 3d DCA), rev. denied, 518 So.2d 1274 (Fla.1987); Hess v. Liberty Mut. Ins. Co., 458 So.2d 71, 72 (Fla. 3d DCA1984); Saha v. Aetna Casualty & Sur. Co., 427 So.2d 316, 317 (Fla. 5th DCA1983).
Affirmed.